IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLEN MOORE PLAINTIFF

v. Civil No. 4:25-cv-04094-SGS

JOHNNY WEAVER DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, Allen Moore, originally filed this 42 U.S.C. § 1983 action and *in forma pauperis* ("IFP") application *pro se,* in the Eastern District of Arkansas on November 3, 2025. (ECF Nos. 1-2). The Eastern District transferred the case here on November 4, 2025. (ECF No. 3). Plaintiff was granted IFP status on November 6, 2025. (ECF No. 8). Currently before the Court, is Plaintiff's failure to prosecute this matter. [1]

**I. BACKGROUND**

Plaintiff filed a Notice of Change of Address with the court, on June 9, 2026, indicating he was released from incarceration and living in Little Rock. (ECF No. 31). On June 12, 2026, the Court entered an Order directing Plaintiff to file an updated IFP application as is the practice of this Court when a plaintiff is released from incarceration. (ECF No. 32).

On June 22, 2026, Defendant filed his Motion for Summary Judgment and supporting documents. (ECF Nos. 33-35). On June 23, 2026, the Court directed Plaintiff to respond to

[1] On March 5, 2026, the parties consented to have a Magistrate Judge conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 19).

Defendant's Motion no later than July 14, 2026. (ECF No. 36). Plaintiff was advised that he must respond and failure to do so would subject this case to dismissal and judgment without a trial. *Id.*

On July 1, 2026, the Court received Plaintiff's updated IFP Application. (ECF No. 37). The Court granted said Motion on July 15, 2026. (ECF No. 38). However, Plaintiff did not file any response to the Court's Order to respond to Defendant's Motion for Summary Judgment.

On July 15, 2026, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendant's Motion for Summary Judgment as ordered to do so by the Court in its June 23, 2026 Order. (ECF No. 39). Plaintiff's response to the Order to Show Cause was due on August 5, 2026. *Id.* The Order to Show Cause was mailed to Plaintiff's address of record and was not returned as undeliverable mail. Plaintiff never responded to the Court's Order to Show Cause nor did he ever file a response to the Defendant's Motion for Summary Judgment.

## II. DISCUSSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. FED R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with multiple Court Orders: (1) the Order directing a response to Defendant's Motion for Summary Judgment (ECF No. 36); and (2) the Court's Order to Show Cause, (ECF No. 39). In each of these Orders, Plaintiff was advised that failure to respond would subject his case to dismissal. Further, Plaintiff was advised, in the Order to respond, that failing to respond to the Motion for Summary Judgment was the same as failing to present evidence in his favor at trial and his case could be dismissed and judgment would be entered against him without a trial if he failed to respond. (ECF No. 36). Further, as these Orders were not returned as undeliverable mail, the Court must presume Plaintiff received

them and chose not to respond. This presumption is strengthened by the fact that Plaintiff did respond to the Court's Order to update his IFP Application which was sent to the same address of record as the Order to respond and Order to Show Cause. Accordingly, the Court finds Plaintiff's failure to prosecute and comply with the Court's orders in the face of sufficient instruction and warnings, was intentional. Thus, the Court finds Plaintiff's intentional disregard for the Court's Orders and failure to prosecute warrants dismissal of his Complaint with prejudice.

## III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 16th day of November 2026.

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE